# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| POET DESIGN & CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-00857 (APM) |
| U.S. DEPARTMENT OF ENERGY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this "reverse-FOIA" action, Andritz, Inc., seeks to intervene to protect its asserted interest in the release of records concerning a federally funded project awarded to Plaintiff POET Design & Construction, Inc., by Defendant Department of Energy ("DOE"). *See* Andritz's Mot. to Intervene, ECF No. 11, Mem. of Points & Authorities in Supp. of Mot. to Intervene, ECF No. 11-1 [hereinafter Andritz's Mot.]. Plaintiff opposes the motion, asserting that Andritz lacks standing to intervene. *See* Pl.'s Opp'n to Mot. to Intervene by Intervenor-Def. Andritz, ECF No. 19 [hereinafter Pl.'s Opp'n]. DOE takes no position.

The material facts here are not in dispute. Plaintiff brought this action to prevent DOE from releasing records under the Freedom of Information Act ("FOIA") that, it contends, contain "confidential commercial and/or trade secret information that is exempt from disclosure under FOIA's Exemption 4 (5 U.S.C. § 552(b)(4)) and is also prohibited from disclosure under the Trade Secrets Act." Compl., ECF No. 1, ¶¶ 1–2. Andritz concedes that it did not directly make the FOIA request in question;[1] rather, Andritz's counsel, Gautam Reddy of the law firm Kilpatrick

---

[1] While multiple FOIA requests were submitted to DOE regarding Plaintiff's project, *see* Compl. ¶¶ 26–28, Plaintiff only initially sought to challenge FOIA Request GO-18-017 ("Request 17") and FOIA Request GO-18-019 ("Request

Townsend & Stockton, LLP, submitted the request in his and the firm's name. *See* Pl.'s Opp'n at 2–4; *see, e.g.*, Pl.'s Opp'n, Ex. E, ECF No. 19-5 (Initial Letter to Submitter from DOE regarding FOIA Request 19).[2] Moreover, counsel did not identify Andritz as his client to DOE. *See id.*; *see also* Pl.'s Opp'n, Ex. A, ECF No. 19-1, at 4–5 (copy of an initial FOIA request, stating only that Reddy, the requester, was "[a]ffiliated with a private corporation and seeking information for . . . use in the company's business").

There likewise is no genuine disagreement about the applicable law. Plaintiff and Andritz agree that intervenors in this Circuit must have Article III standing to enter and participate in a pending action. Pl.'s Opp'n at 5–6; *see* Andritz's Mot. at 6. Additionally, Andritz does not seriously contest two key legal principles that form the basis for Plaintiff's opposition: (1) only a requester or submitter of information possesses Article III standing in a FOIA action, and (2) a lawyer who submits a FOIA request has Article III standing to challenge an agency's FOIA decision, but the lawyer's client lacks standing to do the same, unless the client is clearly identified in the FOIA request. Pl.'s Opp'n at 6–9; *see, e.g.*, *Smallwood v. U.S. Dep't of Justice*, 266 F. Supp. 3d 217 (D.D.C. 2017); *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1 (D.D.C. 2005); *cf.* Andritz's Reply Brief in Supp. of Its Mot. to Intervene, ECF No. 20 [hereinafter Andritz's Reply]. Applying these undisputed legal principles, Plaintiff asserts that Andritz lacks

---

19") in its Complaint, *see id.* ¶ 34. Plaintiff later informally added FOIA Request GO-18-022 ("Request 22") to its list of challenged FOIA requests. *See* Joint Status Report, ECF No. 14; *see also* Compl. at 8 n.1 (noting that Plaintiff may seek to amend its lawsuit "if and when the DOE issues Final Notices to Submitter in connection with [other] remaining requests," including Request 22). Since Andritz filed its intervention motion, and pursuant to this court's orders, Plaintiff and Andritz have settled their disputes with respect to Requests 17 and 22 and Andritz has formally withdrawn those requests. *See* Joint Status Report, ECF No. 24; *id.*, Ex. A, May 30th Email to DOE Counsel, ECF No. 24-1. Accordingly, only Andritz's intervention as to Request 19 remains at issue here. *See generally* Joint Status Report, ECF No. 18, at 2; Joint Status Report, ECF No. 22, at 2; Joint Status Report, ECF No. 23, at 2.

[2] *Cf.* Andritz's Mot. at 4 ("Andritz's counsel submitted a FOIA request to DOE . . . ."); Andritz's Reply Brief in Supp. of Its Mot. to Intervene, ECF No. 20, at 2–5 (failing to dispute that the requests were submitted by Andritz's counsel, as stated by Plaintiff in its opposition, and instead arguing that Plaintiff's opposition belies the characterization of Andritz as the FOIA requester in the Complaint and TRO).

standing to intervene because its counsel, not Andritz, submitted the FOIA request at issue and did not identify Andritz as his client. Pl.'s Opp'n at 9–10.

Andritz responds that Plaintiff cannot be heard to question Andritz's standing because Plaintiff's legal filings in this case repeatedly identify Andritz as the FOIA requester. Andritz's Reply at 2–5. As Andritz puts it: "[Plaintiff] ignores express language in its own Verified Complaint and Motion for Temporary Restraining Order recognizing Andritz as the FOIA requester in this matter." *Id.* at 1; *see also id.* at 2 ("[Plaintiff] cannot now simply ignore its own assertions because they have become inconvenient for [Plaintiff]."). Settled law, however, quickly dispenses with that argument.

> Standing is a "threshold jurisdictional question," *Steel Co.* [*v. Citizens for a Better Env't*], 523 U.S. [83, 102 (1998)], and "no action of the parties can confer subject-matter jurisdiction." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 . . . (1982). "Thus, the consent of the parties is irrelevant, . . . principles of estoppel do not apply, . . . and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." *Id.* (internal citations omitted).

*Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1021 n.3 (D.C. Cir. 1998) (third and fourth alterations in original). What that law means in this case is that Plaintiff's statements in its court papers are irrelevant to the question of Andritz's standing. Plaintiff cannot confer standing upon Andritz when it otherwise does not exist. So, the fact that Plaintiff repeatedly states that Andritz is the true FOIA requester does not open the door to Andritz entering this litigation. Andritz did not submit the FOIA request, and its counsel did not identify Andritz as his client. Therefore, Andritz lacks standing to intervene.[3]

---

[3] The sole case Andritz cites in its favor, *Deininger & Wingfield, P.A. v. IRS*, No. 4:08-cv-00500-JLH, 2009 WL 2241569 (E.D. Ark. July 24, 2009), is inapposite. There, the court appears to have concluded that there was no dispute that the lawyer had identified the plaintiff as his client in the FOIA request, therefore conferring standing on the plaintiff. *See id.* at *2–3. To read the case in any other way would directly conflict with Supreme Court precedent.

Andritz seeks to avoid this fate by attempting to distinguish the cases relied upon by Plaintiff. Andritz's Reply at 5; *see* Pl.'s Opp'n at 7–9 (citing cases). These cases, Andritz contends, "all involved situations where *the defendant agency* moved to dismiss a complaint seeking the release of documents under FOIA on the premise that the entity bringing the suit was not the same as the entity making the FOIA request." Andritz's Reply at 5 (emphasis added). And, unlike in those cases, the agency here "has not disputed that Andritz is the FOIA requester." *See id.* But this is a distinction without a difference. As discussed, "[s]tanding is a threshold jurisdictional question, and no action of the parties can confer subject-matter jurisdiction." *Pena*, 147 F.3d at 1021 n.3 (internal citations and quotation marks omitted). Like Plaintiff, DOE is a party to this action. Thus, DOE's silence in this litigation cannot create standing where none exists. Once more, the question is whether Andritz's counsel identified Andritz as his client when making the FOIA request. *See Smallwood*, 266 F. Supp. 3d at 219–21. The undisputed fact is that he did not. Therefore, Andritz has no standing to intervene in this matter.

For the foregoing reasons, Andritz's Motion to Intervene, ECF No. 11, is denied. The parties—Plaintiff POET Design & Construction, Inc., and Defendant DOE—shall meet and confer and notify the court no later than June 11, 2018, how they wish to proceed in this matter. The court notes that the Temporary Restraining Order entered on April 13, 2018, ECF No. 7, is set to expire on June 12, 2018. *See* Order, ECF No. 17, ¶ 1.

Dated: June 5, 2018

Amit P. Mehta
United States District Judge